A CERTIFIED TRUE COPY

AUG 11 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ AUG 15 2005 ★

ENTERED

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 11 2005

FILED
CLERK'S OFFICE

DOCKET NO. 799

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE AIR DISASTER AT LOCKERBIE, SCOTLAND, ON DECEMBER 21, 1988

*Jodi Hagerman, et al. v. The Socialist People's Libyan Arab Jamahiriya, et al.,*
E.D. New York, C.A. No. 2:03-1579 (D. District of Columbia, C.A. No. 1:02-2147)

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### SEPARATION OF CLAIMS AND REMAND ORDER

Before the Panel are two motions brought, pursuant to Rule 7.6(f), R.P.J.P.M.L., 199 F.R.D. 425, 438 (2001), respectively, by seven plaintiffs[1] in this action and two other plaintiffs[2] in the MDL-799 proceedings. Movants seek to vacate the Panel's order conditionally separating and remanding certain claims in the action from the Eastern District of New York to the District of District of Columbia, their transferor court. Another plaintiff[3] in the MDL-799 proceedings and defendant Abdel Basset Ali Al-Megrahi also support vacating the Panel's order. The Panel previously deferred ruling on these motions because of a pending appeal before the Court of Appeals for the Second Circuit; that appeal is now resolved and, accordingly, the matter is ripe for decision.

On the basis of the papers filed and hearing session held, the Panel finds that separation and remand of these claims is appropriate at this time.

The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time

---

[*] Judge Motz took no part in the decision of this matter.

[1] Mary Diamond, Gwennth Forde, Victoria Porter, Olga Husbands, Vernon Druses, Randolph Porter and James Mulroy.

[2] Molena Porter and Siobhan Mulroy.

[3] Bernadette Hurst.

is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

In the matter now before us, the transferee judge has entered an order detailing his determination that he has completed his task under Section 1407 as transferee judge with respect to these plaintiffs' claims, and we will accept that conclusion. A principal argument proffered by movants and respondents in opposition to remand had been their contention that remand was inappropriate while the related appeal remained pending. That argument was mooted, however, by the recent appellate court decision.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the claims of plaintiffs Mary Diamond, Gwennth Forde, Victoria Porter, Olga Husbands, Vernon Druses, Randolph Porter and James Mulroy in this action are separated and remanded from the Eastern District of New York to the District of District of Columbia.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman